**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**CHERI L. HAYES,**

                              **Plaintiff,**

    vs.                                           **1:13-CV-1566
                                                     (MAD/ATB)**

**CAROLYN W. COLVIN,**

                              **Defendant.**
_____

| | |
|---|---|
| **APPEARANCES:** | **OF COUNSEL:** |
| **LAW OFFICES OF STEVEN R. DOLSON**<br>126 North Salina Street, Suite 3B<br>Syracuse, New York 13202<br>Attorneys for Plaintiff | **MAGGIE W. MCOMBER, ESQ.** |
| **SOCIAL SECURITY ADMINISTRATION**<br>Office of Regional General Counsel<br>Region II<br>26 Federal Plaza - Room 3904<br>New York, New York 10278<br>Attorneys for Defendant | **GRAHAM MORRISON, ESQ.** |

**Mae A. D'Agostino, U.S. District Judge:**

### ORDER

      In November of 2010, Plaintiff protectively filed an application for Social Security Disability Insurance Benefits ("DIB"), alleging a disability onset date of March 24, 2010. *See* Dkt. No. 6, Administrative Transcript, ("T.") at 13. On August 9, 2012 the Administrative Law Judge ("ALJ") concluded that Plaintiff was not disabled as defined by the Social Security Act, and therefore did not qualify for the benefits requested. *Id.* at 30. On November 7, 2013, the ALJ's opinion became the final determination of the agency, when the Social Security Administration Appeals Council denied Plaintiff's request for review of that decision. *See id.* at 1-6.

On December 19, 2013, Plaintiff commenced this action. *See* Dkt. No. 1. Plaintiff alleges that "the ALJ committed reversible error by not following the treating physician rule and failing to give controlling weight to the opinion of Dr. George Siniapkin, who completed a very restrictive RFC questionnaire with respect to plaintiff." Dkt. No. 12 at 7; *see also* Dkt. No. 8 at 3-6. Plaintiff made no other argument in support of her motion.

In a Report-Recommendation dated February 2, 2015, Magistrate Judge Andrew T. Baxter concluded "that the ALJ's RFC determination, particularly the finding that plaintiff 'is able to complete the standing, sitting and walking requirements of light work,' (T. 29), is not stated with sufficient particularity and is not supported by substantial evidence." Dkt. No. 12 at 18. In support of this conclusion, Magistrate Judge Baxter found that the ALJ made improper conclusory statements about Plaintiff's "ability to sit, stand, and walk, instead of specifying the functions plaintiff is capable of performing." *Id.* at 13. Further, Magistrate Judge Baxter found that the ALJ provided no supporting medical evidence to support her conclusion, and instead improperly substituted her own judgment. *Id.* at 14. The Report-Recommendation also states that Plaintiff's activities of daily living do not support the ALJ's findings "as to plaintiff's ability to meet the standing, walking, and sitting requirements for light work." *Id.* at 17. As such, Magistrate Judge Baxter recommended that the Court vacate the Commissioner's decision and that the matter be remanded to the Agency "for a proper evaluation of the medical and other evidence, an appropriate determination of plaintiff's residual functional capacity, and other further proceedings, consistent with this report." *Id.* at 19. Neither party objected to Magistrate Judge Baxter's Report-Recommendation.

When reviewing the Commissioner's final decision, the court must determine whether the Commissioner applied the correct legal standards and whether substantial evidence supports the

decision. *See Urtz v. Callahan*, 965 F. Supp. 324, 326 (N.D.N.Y. 1997) (citing *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987)). Although the Commissioner is ultimately responsible for determining a claimant's eligibility, an Administrative Law Judge ("ALJ") makes the actual disability determination; and that decision is subject to judicial review on appeal. A court may not affirm an ALJ's decision if it reasonably doubts that the ALJ applied the proper legal standards, even if it appears that the ALJ's decision is supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987). Additionally, the ALJ must set forth the crucial factors justifying his findings with sufficient specificity to allow a court to determine whether substantial evidence supports the decision. *See Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984) (citation omitted).

When a party makes specific objections to a magistrate judge's report, the district court engages in *de novo* review of the issues raised in the objections. *See Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008) (citation omitted). When a party fails to make specific objections, however, the court reviews the magistrate judge's report for clear error. *See id.*; *see also Gamble v. Barnhart*, No. 02CV1126, 2004 WL 2725126, *1 (S.D.N.Y. Nov. 29, 2004) (citations omitted).

Having reviewed Magistrate Judge Baxter's Report-Recommendation, the parties' submissions and the applicable law, the Court concludes that Magistrate Judge Baxter correctly determined that the ALJ's RFC determination is not supported by substantial evidence, and that the ALJ improperly substituted her own judgment in place of the medical opinion evidence of record. As such, the Court finds that Magistrate Judge Baxter correctly determined that this matter should be remanded to the agency for further consideration of the medical opinion evidence.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Baxter's February 2, 2015, Report-Recommendation is **ADOPTED** in its entirety for the reasons state therein; and the Court further

**ORDERS** that the Commissioner's decision is **REVERSED** and this matter is **REMANDED** to the Commissioner, pursuant to sentence four of 42. U.S.C. § 405(g), for a proper evaluation of the medical and other evidence, an appropriate determination of Plaintiff's residual functional capacity, and other further proceedings consistent with Magistrate Judge Baxter's Report-Recommendation; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment and close this case.

**IT IS SO ORDERED.**

Dated: March 9, 2015
       Albany, New York

Mae A. D'Agostino
U.S. District Judge